UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-09433-SJO (GJS) | Date | January 16, 2019 |
|---|---|---|---|
| Title | Robert Al Lammers v. Sandra Hutchins | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge |
|---|---|
| E. Carson | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS)  Order To Show Cause re: Possible Dismissal

The Court is in receipt of Respondent's Motion To Dismiss Petition filed on January 14, 2019, along with the related lodged documents [Dkts. 8-9, collectively, "Motion"]. The Motion argues, *inter alia*, that the Court should dismiss this action without prejudice pursuant to the abstention doctrine. *See, e.g., Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Respondent notes that Petitioner's re-sentencing proceedings are pending, which is confirmed by the Court's own review of the record pursuant to F.R. Evid. 201.

The Court has carefully reviewed the Petition, the Motion, and the available record and concludes that abstention appears to be required pursuant to the pendency of Petitioner's sentencing proceedings. As Petitioner had not yet been resentenced at the time the Petition was filed nor by now, his state criminal judgment is not final for federal habeas purposes. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("'Final judgment in a criminal case means sentence. The sentence is the judgment.'") (citation omitted). Once he is resentenced, Petitioner may, or may not, decide to appeal his new sentence. Until that resentencing and any appeal (or not) occurs, Petitioner's state criminal case remains pending.

Under the *Younger* abstention doctrine, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances. *See Younger*, 401 U.S. at 43-54; *see also, e.g., San Remo Hotel v. City and County of San Francisco*, 145 F.3d

# CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-09433-SJO (GJS) | Date | January 16, 2019 |
|---|---|---|---|
| Title | Robert Al Lammers v. Sandra Hutchins | | |

1095, 1103 (9th Cir. 1998) ("[u]nder *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal . . . proceedings"). In *Edelbacher v. Calderon*, 160 F.3d 582 (9th Cir. 1998), the Ninth Circuit considered a federal habeas petition filed after conviction but while resentencing proceedings were pending. The Ninth Circuit held that *Younger* abstention was required and opined that, "[w]hen there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." *Id.* at 582-83, 587.

Given that Petitioner's judgment is not yet final, the 28 U.S.C. § 2244(d) one-year limitations period has not yet commenced running for any federal habeas challenge he wishes to bring with respect to his state court conviction and/or sentence. *See Burton*, 549 U.S. at 156 ("Burton's limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'"); *see also Villaneda v. Tilton*, 432 Fed. Appx. 695, 2011 WL 1770860, at *1 (9th Cir. May 10, 2011) (under *Burton*, the petitioner's limitations period did not commence until both his conviction and sentence were final and, thus, not until after his time to appeal lapsed following resentencing); *Rashad v. Lafler*, 675 F.3d 564, 568-69 (6th Cir. 2012) (for purposes of the limitations period, the petitioner's judgment did not become final until the conclusion of direct review of the new sentence he received at resentencing); *Scott v. Hubert*, 635 F.3d 659, 666 (5th Cir. 2011) (when a conviction is affirmed on appeal but the sentence is vacated and the case is remanded for resentencing, the judgment is not final, and the limitations period does not commence, until the conclusion of direct review following resentencing and/or the expiration of the time for such); *Ferreira v. Secretary, Dep't of Corr.*, 494 F.3d 1296, 1292 (11th Cir. 2007) (same). Thus, there are no timeliness concerns here that might affect the abstention issue. Moreover, the record is bereft of any circumstances – much less an unusual one – that could compel this Court to disregard the *Younger* rule in favor of proceeding on a case that has been prematurely brought, as here.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the Motion should not be granted and the Court should not abstain from proceeding in this action. **By no later**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09433-SJO (GJS) | Date | January 16, 2019 |
|---|---|---|---|
| Title | Robert Al Lammers v. Sandra Hutchins | | |

**than February 15, 2019**, Petitioner shall file a Response to this Order To Show Cause and advise the Court whether he agrees or disagrees that abstention is required. If the latter, he must explain why abstention is not required, including by providing evidence of one or more unusual circumstances that would require the Court to disregard the "general rule" requiring abstention given the procedural posture of Petitioner's state criminal case.

*Petitioner is cautioned that the failure to file a timely response to this Order To Show Cause will be deemed to constitute a concession that abstention is warranted and that this case should be dismissed with prejudice.*[1]

**IT IS SO ORDERED.**

---

[1] If Petitioner concedes that abstention is required and does not wish to prepare and file the Response required by this Order, he may expedite matters by filing a Notice of Dismissal, whether by utilizing the attached Form CV-009 or preparing his own simple document, signed by him, in which he states, clearly, that he is dismissing this action voluntarily and without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.